IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FACTORY DIRECT TIRES, INC.,
    Plaintiff,

v.                                  Case No.: 3:11cv255/RV/EMT

COOPER TIRE AND RUBBER COMPANY,
    Defendant.
_____/

### ORDER and REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's Motion for Entry of Default Judgment ("MEDJ") (doc. 125), Defendant's response in opposition thereto (doc. 138), Plaintiff's notice of filing a sealed supplement to the MEDJ (doc. 144), and Defendant's motion to strike Plaintiff's sealed supplement (doc. 151).

Background

Plaintiff filed the MEDJ on May 16, 2012, and Defendant filed a response in opposition to the motion on May 29, 2012. On June 7, 2012, before the court took any action on the MEDJ, Plaintiff electronically filed a two-page "Notice of Filing Plaintiff's Sealed Supplement to its [MEDJ]" (doc. 144), and Plaintiff supplied to the court a hard copy of the supplement for filing under seal on the following day.[1] Also on June 8, 2012, Defendant filed a motion to strike Plaintiff's sealed supplement (doc. 151). Defendant asserts the sealed supplement is an "unauthorized pleading" because Plaintiff was required to, but did not, seek leave of court before filing or attempting to file the supplement (*id.* at 1). The court will first address the sealed supplement and then address the substance of Plaintiff's MEDJ.

---

[1] The hard copy of Plaintiff's sealed supplement has not been scanned or filed and, thus, no docket number has been assigned to it.

### Plaintiff's Supplement and Defendant's Motion to Strike It

Initially, the supplement is not a "pleading," as Defendant contends, and therefore it is not properly construed as such. Pleadings are specifically listed in Rule 7, and absent from the list are "motions" or supplements thereto. *See* Fed. R. Civ. P. 7(a). Thus, the provisions in Rule 15 that deal with the amendment of "pleadings" and the filing of "supplemental pleadings" do not apply here. *See, e.g.*, Rekeweg v. Federal Mut. Ins. Co., 27 F.R.D. 431 (N.D. Ind. 1961) (a motion is not considered a pleading within the meaning of Rule 7(a), and the provisions of Rule 15 regarding the amendment of pleadings are therefore inapplicable to motions).

To the extent Plaintiff's supplement is actually a reply to Defendant's response to the MEDJ, however, Defendant is correct in contending that leave of court must have been obtained to file it. *See* N.D. Fla. 7.1(C)(2). Thus, the supplement—if construed as a reply—is properly stricken, or in this case returned to Plaintiff without electronic filing, for Plaintiff's failure to seek leave of court to file it.

Finally, if the supplement is construed as an amendment to Plaintiff's MEDJ, this court has discretion in determining whether to permit the amendment.[2] *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1194, at 65 (3d ed. 2004) ("Wright & Miller"). Factors the court should consider in deciding to permit or prohibit amendment include whether the adverse party will be prejudiced by the amendment, whether "amendment is necessary to insure that the case is adjudicated fairly and justly," and whether amendment will help resolve the litigation at an early date. *Id.* "In theory, a motion may be amended at any time before the judge has acted upon the request, although it is particularly inappropriate after briefs have been interposed by the opposing parties, .

---

[2] It would appear that, normally, the court's discretion to permit amendment to a motion is exercised only after a motion for leave to file such an amendment has been filed. *See, e.g.*, In re Repetitive Stress Injury Litigation, 165 F.R.D. 367, 371 (E.D.N.Y. 1996) (noting that a party is generally expected to submit, at the time a motion is filed, all materials it wishes the court to consider, but that "[o]ccasionally, a party may request permission to submit materials after a motion has been fully briefed and submitted, but prior to the Court's decision on such motion," in certain circumstances, including where materials or information were unavailable when the original motion was filed or the law has changed since the motion was filed) (emphasis added). Thus, Plaintiff's supplement/amendment may likely be stricken based only on Plaintiff's failure to request permission to file it. The undersigned, however, will nevertheless consider whether to permit an amendment to the MEDJ.

. . or other forms of reliance have been built up on the basis of the original motion." *Id.* (citations omitted) (emphasis added). Here, the relevant factors weigh against permitting amendment. While the court need not address each factor individually, it does note that the prior course of this litigation—which is a good predictor of its future course—convinces the undersigned that nothing this court does will "help resolve the litigation at an early date" (*see* Wright and Miller, § 1194). Moreover, Plaintiff's underlying MEDJ is based on alleged discovery abuses by Defendant, but numerous discovery disputes are outstanding and will likely remain outstanding until after the court has heard oral argument from the parties in July 2012 (*see* doc. 145). Thus, as discussed more fully *infra*, entry of a default judgment based on discovery abuses at this juncture is inappropriate, regardless of what Plaintiff may have to say in an amendment to the MEDJ. Lastly, amendment is "particularly inappropriate" here, because Defendant filed its response to Plaintiff's MEDJ prior to Plaintiff's attempted filing of the supplement/amendment (*see* Wright and Miller, § 1194). Therefore, Defendant's motion to strike will be granted.

<u>Plaintiff's Motion for Entry of Default Judgment</u>

Plaintiff seeks the "entry of a default judgment in its favor as to liability with respect to all claims in the Amended Complaint," pursuant to Rule 37 of the Federal Rules of Civil Procedure (doc. 125 at 1).[3] In support, Plaintiff essentially contends that Defendant failed to comply with the terms of this court's order, issued April 2, 2012 (doc. 98), which in relevant part directed that Defendant respond to certain of Plaintiff's requests for production ("RFPs") within seven days of the order, and reconvene certain depositions within fourteen days of the date of the order (hereafter, the court's order issued April 2, 2012, will be referred to as the "discovery order").

As Plaintiff acknowledges, the due dates for Defendant's RFP responses and the reconvening of depositions were "extended indefinitely" in an interim order issued by this court on April 6, 2012 (doc. 100 (hereafter, "interim order")). Plaintiff contends, however, that the indefinite stay was lifted on April 30, 2012, the date the district court overruled Defendant's objections to the discovery order (doc. 125 at 4). Plaintiff thus asserts that the dates set forth in the discovery order were effectively

---

[3] In relevant part, Rule 37 provides, "If a party . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may . . . "render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

Case No.: 3:11cv255/RV/EMT

"reactivated" on April 30, 2012, and that Defendant subsequently failed to timely comply with the new due dates (May 3 and May 10, 2012, as recalculated by Plaintiff) and, correspondingly, with the terms of the discovery order (*see* doc. 125 at 4).

Plaintiff's contention is a far too tangential basis on which to grant the extreme sanction it seeks. In the interim order, in granting Defendant an indefinite extension for complying with the terms of the discovery order, this court contemplated that Defendant would seek review of the discovery order by a "higher court" (*see* doc. 100), which Defendant might reasonably have construed as including both the district court and the Eleventh Circuit Court of Appeals. Moreover, Defendant—as it stated it would (*see, e.g.*, doc. 99 at 3 n.1)—did seek appellate review of the discovery order in the Eleventh Circuit. Relief was denied by that court on May 14, 2012, and Plaintiff filed the instant MEDJ just two days later, on May 16, 2012. However, at no time prior to May 16, 2012, did the undersigned, the district court, or the Eleventh Circuit definitively or specifically "lift" the stay or impose new deadlines for Defendant's compliance with the discovery order.

While it should have been obvious to Defendant that it needed to hastily comply with the terms of the discovery order, following the district court's April 30th order or certainly after the Eleventh Circuit's denial of relief, on this record the court cannot say that Defendant willfully failed to timely comply. Indeed, on May 14, 2012, the day the Eleventh Circuit denied relief, Defendant filed a motion for a fourteen-day extension the discovery order's deadlines and noted therein that neither the undersigned nor the district court had set new deadlines (doc. 123). Defendant's filing suggests some confusion on Defendant's part regarding the status of the interim order and/or the due dates for compliance with the underlying discovery order. *See* Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993) ("[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order . . . . Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal.") (citation omitted); *see also* Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) (The decision to dismiss a claim or enter default judgment "ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders."). Thus, the extreme sanction Plaintiff seeks is not warranted.

Accordingly, it is **ORDERED**:

Defendant's Motion to Strike Plaintiff's Sealed Supplement to its Motion for Entry of Default Judgment (doc. 151) is **GRANTED**.  The clerk shall return to Plaintiff the proposed supplement without electronic filing.

And it is respectfully **RECOMMENDED** that:

Plaintiff's Motion for Entry of Default Judgment (doc. 125) be **DENIED**.

At Pensacola, Florida this 13th day of June 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to the proposed RECOMMENDATION must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**